UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

DENNIS RAY JOHN MOORE,    )
                        )
      *Plaintiff,*      )     Case No: 4:06-cv-10
                        )     Judge Mattice
v.                     )
                        )
COFFEE COUNTY, TENNESSEE, *et al.*,  )
                        )
      *Defendants.*     )

## MEMORANDUM AND ORDER

Before the Court is the Motion for Summary Judgment of Defendants Coffee County Tennessee, Office of the Sheriff of Coffee County, Tennessee, and Sheriff Steve Graves, in his official capacity. [Court Doc. 22.] Plaintiff Dennis Ray John Moore (hereinafter "Plaintiff") initiated an action pursuant to 42 U.S.C. § 1983 against Defendants for injuries which allegedly arose as a result of the Defendants' deliberate indifference to his medical needs while he was incarcerated in the Coffee County Jail. Plaintiff's complaint also assets state law claims based upon negligence and alleged violations of Tenn. Code Ann. §§ 41-2-108 and 109. Defendants moved for summary judgment on November 25, 2008. Plaintiff has not filed any responsive briefing in opposition to Defendants' summary judgment motion. More than 20 days have passed since this motion was filed. Pursuant to Local Rule 7.1(a), Defendants' Motion for Summary Judgment is ripe for adjudication.

For the reasons explained below, the Court hereby **GRANTS** the instant Motion for Summary Judgment of Defendants' Coffee County Tennessee, Office of the Sheriff of Coffee County, Tennessee, and Sheriff Steve Graves.

# I.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©.  In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc*., 253 F.3d 900, 907 (6th Cir. 2001).  The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party may bear this burden by either producing evidence that demonstrates the absence of a genuine issue of material fact, or by simply " 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.  To refute such a showing, the nonmoving party may not simply rest on its pleadings. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996); *see Anderson*, 477 U.S. at 249. The nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Celotex*, 477 U.S. at 322.  A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. Such a determination requires that the Court "view the evidence presented through the prism of the substantive evidentiary burden" applicable to the case. *Anderson*, 477 U.S. at 254. Thus, if the plaintiff must ultimately prove his case at trial by a preponderance of the evidence, the Court must, on motion for summary judgment, determine whether a jury could reasonably find by a preponderance of the evidence that the plaintiff's factual contentions are true. *See id.* If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II. FACTS

The relevant facts, viewed in the light most favorable to Plaintiff, are as follows.

On January 14, 2005, Plaintiff was incarcerated in the Coffee County Jail, which is under the supervision of the Coffee County Sheriff's Department. (Court Doc. 1-1, Compl. ¶ 4.) That day, Plaintiff began to feel severe pain, nausea and diarrhea. Plaintiff was taken to the Emergency Room at United Regional Medical Center in Tullahoma, Tennessee, where he was diagnosed with a bacterial infection. (*Id.* ¶ 5); (Court Doc. 22-2, Pl.s' Dep. at 83-84, 143.) When the Plaintiff was discharged at approximately 6:05 a.m.

-3-

in the morning, the transporting officer was given a prescription for Plaintiff. The transporting officer was told to return Plaintiff to the hospital in the morning if he was not better. (Pl.'s Dep. at 83.)

Plaintiff was returned to the Coffee County Jail on Saturday morning January 15, 2005. (Compl. ¶ 7.) According to prison records, Plaintiff received his prescribed antibiotic and an anti-nausea medication on Sunday, January 16, 2005. That same day, however, Plaintiff continue to suffer from nausea, vomiting, and diarrhea and could not eat or drink. (Compl. ¶ 7); (Pl.'s Dep. 85-89.) Plaintiff testified that he requested to be taken back to the hospital, but the prison officials informed him that they would "check on it" and would have a nurse or doctor examine him at the jail. (Pl.'s Dep. 89-90.) That afternoon or evening, a nurse for the jail administered a shot to Plaintiff, which contained the anti-nausea medication Phenergan. According to the Coffee County Sheriff's Department Protocol, treatment for inmates suffering from vomiting or nausea includes the administration of an injection of Phenergan if the inmate cannot tolerate it by mouth. (Court Doc. 22-3, Bowen Dep. 10.) After being treated by the jail nurse, Plaintiff was moved from the jail's annex building to the its main building, where he was placed in a single cell in a maximum security area. (Pl.'s Dep. 92-94.) The Coffee County Sheriff's Department moved inmates suffering from medical distress to solitary holding cells in order to be able to better observe them. (Court Doc. 22-4, Freeman Dep. 36-37.)

On Monday, January 17, 2005, corrections officers administered Plaintiff's medications. Although Plaintiff's signature appears on that day's medication log, he contends that the signature is not his. (Pl.'s Dep. 102-103.) He continued to feel ill and was unable to eat while in the solitary holding cell. (Pl.'s Dep. 102.) Officer Johnson, a

-4-

prison official, brought a wheelchair to Plaintiff's cell. (Pl.'s Dep. 96-98.) That same day, Plaintiff was transported back to United Regional Medical Center. (Pl.'s Dep. 104.) Plaintiff was then transferred by ambulance to Harton Regional Hospital. Plaintiff was diagnosed with a ruptured colon and a systemic infection, pneumonia in his right lung, and atrial fibrillation. (Compl. ¶ 10.) On January 18, 2005, Plaintiff underwent a colostomy and remained in the hospital until February 2, 2005. (*Id.* at ¶¶ 10-11.) After his release from the hospital, Plaintiff was transferred to the Tennessee Department of Corrections to serve the remainder of his sentence. (Freeman Dep. 33.)

Plaintiff alleges that the Defendants' failure to return him to the hospital within a few hours of being released on January 15, 2005 violated his civil rights pursuant to 42 U.S.C. § 1983 and the Eight Amendment's prohibition against cruel and unusual punishment. (Compl. ¶¶ 12-14). Plaintiff further alleges that Defendants' actions were negligent and that government immunity is removed by operation of Tenn. Code. Ann. §§ 29-20-20 and 29-20-206. (*Id.* ¶¶ 15-21.)

## III.   ANALYSIS

Plaintiff has never filed a substantive response and has submitted no admissible evidence in opposition to the Defendants' instant summary judgment motion. Although Plaintiff has not responded to the instant motion, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). The moving party must always bear the initial burden to demonstrate the absence of a genuine issue of material fact, even if the adverse party fails to respond. *Id*. The Court is required, at a minimum, to evaluate

Defendants' motion for summary judgment to ensure that they have discharged their initial burden. *Id*.

Plaintiff asserts a cause of action under 42 U.S.C. §1983 and alleges Defendants failure to promptly attend to Plaintiff's medical needs while incarcerated violated the Eighth Amendment's prohibition against cruel and unusual punishment. Plaintiff also asserts a state law negligence claim against Defendants. As there is no dispute that Defendants acted under the color of state law, this Court's inquiry must focus on whether there was an actionable deprivation of a right secured under the Constitution or the laws of the United States.

### A.    42 U.S.C. § 1983

Section 1983 states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 makes liable only those who, while acting under color of state law, deprive another of a right secured by the Constitution or federal law." *Romanski v. Detroit Entm't, L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005).

To establish a claim pursuant to § 1983, a plaintiff must demonstrate two elements: "(1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected or caused to be subjected to this deprivation by a person acting under color of state law." *Gregory v. Shelby County*, 220 F.3d 433, 441 (6th

-6-

Cir. 2000). Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *Gardenhire v. Schubert*, 205 F.3d 303, 310 (6th Cir. 2000).

**B.    Plaintiff's Claims Against Sheriff Steve Graves in his official capacity**

Plaintiff sued Sheriff Steve Graves in his official capacity.  "It is redundant to allege claims against both a municipality and against its officers in their official capacities, as the latter necessarily implicates the former." *Williams v. City of Saginaw*, No. 10241, 10244, 2002 U.S. Dist. LEXIS, at * (W.D. Mich. Aug. 6, 2002); citing *Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999).  "Therefore, when a civil rights plaintiff also sues the municipality directly, district courts generally dismiss the official capacity suits against the municipal employees." *Id.*  Accordingly, the Court will **DISMISS**  Plaintiff's official capacity claims against Sheriff Steve Graves.

**C.    Plaintiff's Claims Against The Office of the Sheriff of Coffee County, Tennessee**

Plaintiff also sued the Office of the Sheriff of Coffee County, Tennessee.  This Defendant, however, is not an entity subject to being sued under 42 U.S.C. § 1983. *Boykin v. Van Buren Twp. Police* Dep't, 479 F.3d 444, 450(6 th Cir. 2007) ("the district court was correct in ruling that under Michigan law, Van Buren Township Police Department is subsumed within Van Buren Township as a municipal entity to be sued under § 1983, and thus the Police Department was improperly included as a separate defendant in Boykin's suit."); see also *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich.1997)  (noting that a city police department is merely an agency of the city, and therefore is not a proper defendant in a § 1983 lawsuit).  Accordingly, the Court will

**DISMISS** Plaintiff's claims against the Office of the Sheriff of Coffee County, Tennessee.

### D.    Plaintiff's Eighth Amendment Claims Against Coffee County

Plaintiff's constitutional claim against Coffee County arises pursuant to the Eighth Amendment of the U.S. Constitution. That Amendment bars the infliction of cruel and unusual punishment, and as applied to prisoners, encompasses a right to medical care for serious medical needs. See *Estelle v. Gamble,* 429 U.S. 97, 103-04, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). The Eighth Amendment prohibits mistreatment, however, only if it is tantamount to punishment. *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005) (internal citations and quotations omitted); see also *Street v. Corrections Corp. of America,* 102 F.3d 810, 814 (6th Cir. 1996) (*quoting Farmer v. Brennan,* 511 U.S. at 828). Therefore, courts have imposed liability upon prison officials only where they are "so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain. . . .The conduct must be more than mere negligence; it must demonstrate deliberateness tantamount to intent to punish." *Horn v. Madison County Fiscal Court,* 22 F.3d 653, 660 (6th Cir. 1994). Negligence or medical malpractice alone cannot sustain an Eighth Amendment claim, absent a showing of deliberate indifference. *Estelle,* 429 U.S. at 105-06.

To establish defendants were deliberately indifferent, an inmate must show the alleged mistreatment was objectively serious and that the defendants subjectively ignored the inmate's medical needs. See *Farmer v. Brennan,* 511 U.S. 825, 829, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). In addition, exposure of an inmate to an unreasonable risk of serious damage to his future health may violate the Eighth Amendment. *Helling v.*

-8-

*McKinney,* 509 U.S. 25, 35-37, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993).

"Prison officials can be held liable for an Eighth Amendment violation when an inmate shows: (1) 'that he is incarcerated under conditions posing a substantial risk of serious harm,' and (2) that the prison official had the 'state of mind of deliberate indifference to inmate health or safety.'" *Street v. Corrections Corp. of America,* 102 F.3d at 814 (citation omitted). To prevail on a claim regarding an alleged delay in treatment, Plaintiff must place verifying medical evidence in the record that establishes the detrimental effect of the delay. *See Napier v. Madison County, Ky.,* 238 F.3d 739, 742 (6th Cir. 2001) (adopting the holding that an inmate who complains that delay in medical treatment rose to the level of a constitutional violation must present verifying medical evidence to establish the detrimental effect of the delay in medical treatment to succeed).

The Supreme Court of the United States has adopted a mixed objective and subjective standard for ascertaining the existence of deliberate indifference. *Farmer*, 511 U.S. at 837. The objective component of the test requires the existence of a 'sufficiently serious' medical need. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). A sufficiently serious medical need is predicated upon the inmate demonstrating that he or she "is incarcerated under conditions imposing a substantial risk of serious harm." *Id.* (quoting *Farmer*, 511 U.S. at 834.).

The subjective component, by contrast, requires a showing that the prison official possessed a "sufficiently culpable state of mind in denying medical care." *Miller*, 408 F.3d at 812 quoting *Farmer*, 511 U.S. at 834. Deliberate indifference requires a degree of culpability greater than mere negligence, but less than "acts or omissions for the very

-9-

purpose of causing harm or with knowledge that harm will result." *Id.*  The prison official's state of mind must evince "deliberateness tantamount to intent to punish." *Id.* citing *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994).  "Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs is essential to a finding of deliberate indifference." *Id.*  Thus, "an official failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

Coffee County does not dispute, for purposes of summary judgment, that Plaintiff can satisfy the objective component of showing that he suffered from a sufficiently serious medical need.  Court Doc. 22-1, Defs.' Br. at 7.  Rather, it argues that Plaintiff cannot establish the subjective component of an Eighth Amendment violation, which was caused by the deliberate indifference to an inmate's medical needs.  *Id.*  Coffee County contends that Plaintiff's "deliberate indifference" claim is actually "a difference of opinion between the Plaintiff and the jail staff about the course of his treatment - *i.e.*, whether to treat the Plaintiff's infection with the antibiotics prescribed at the hospital versus returning the Plaintiff to the hospital within two hours of his discharge on January 15, 20005." *Id.* at 8.

Plaintiff has provided the Court with no evidence that his claim is anything more than a difference of opinion regarding his medical treatment.  Moreover, Coffee County is correct that "a difference of opinion between a prisoner and a doctor [or medical professional] over a diagnosis or treatment also fails to state an Eighth Amendment claim." *Johnson v. Leonelli*, No. 99-6220, 2000 U.S. App. LEXIS 25254, at * 3 (6th Cir. Sept. 19,

2000.

However, "[w]hen the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference." *Miller*, 403 F.3d at 816. This "proposition [is limited to instances where] a known risk was disregarded." *Id.* Plaintiff has provided no admissible evidence that Coffee County prison officials consciously disregarded a known, obvious risk to Plaintiff's health.

Plaintiff's testimony that the transporting officer from the Coffee County Jail was told to return Plaintiff to the hospital if he was not better may have constituted "deliberate indifference" to a known risk to Plaintiff's health. Pl.'s Dep. at 83. Defendants are correct, however, that this statement is inadmissible hearsay and cannot be used to defeat a defendant's summary judgment motion. See Fed. R. Evid. 801; *Williams*, 2002 U.S. Dist. LEXIS 14391, at * 6 ("Inadmissible hearsay evidence cannot be used to create a question of fact on a summary judgment motion."). Thus, the Court finds that Plaintiff has presented no evidence from which a reasonable juror may conclude that an officer of Coffee County violated his Eighth Amendment rights. Accordingly, the Court will **DISMISS** Plaintiff's Eighth Amendment claim against Coffee County.

### E. Plaintiff's Municipal Liability Claims

Although a governmental entity cannot be held liable under § 1983 on the basis of a theory of *respondeat superior*, such an entity may be liable under § 1983 "when execution of [the entity's] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts [Plaintiff's] injury." *Monell*, 436 U.S. at 694. To be held liable, such policy or custom of the entity must be the

"moving force" behind the constitutional violation. *Id.* In this instance, Plaintiff does not allege that a policy, practice, or custom was the driving force behind his injuries. Most importantly, Plaintiff has failed to provide any evidence for a reasonable juror to conclude that a violation of his constitutional rights occurred. Accordingly, the Court will **DISMISS** Plaintiff's municipal liability claims against Coffee County.

### F.    Plaintiff's State Law Negligence Claim

The Court does not have original diversity jurisdiction as to Plaintiff's state law claims, as there is not complete diversity of citizenship between Plaintiff and the Defendants. In the absence of original jurisdiction over these claims, the Court has supplemental jurisdiction over the claims. *See* 28 U.S.C. § 1367.

Section 1367 provides, in pertinent part, as follows: "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c). Pursuant to § 1367, it is "within the district court's discretion to decline to exercise jurisdiction over Plaintiffs' state-law claims once it dismisse[s] the federal claims." *Robert N. Clemens Trust v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 853 (6th Cir. 2007). Moreover, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); see also *Robert N. Clemens Trust*, 485 F.3d at 853.

The Court is not aware of anything which suggests that this case is anything other

than the "usual case" in which the relevant factors weigh in favor of declining to exercise supplemental jurisdiction. Accordingly, the Court shall decline to exercise supplemental jurisdiction over Plaintiffs' state law negligence claim, and they will be **DISMISSED WITHOUT PREJUDICE** for refiling in state court.

## IV. CONCLUSION

For the reasons discussed above, the Court hereby **GRANTS** the Motion For Summary Judgment of Defendants Coffee County Tennessee, Office of the Sheriff of Coffee County, Tennessee, and Sheriff Steve Graves. [Court Doc. 22.] Plaintiff's claims pursuant to 28 U.S.C. § 1983 against Defendants Coffee County Tennessee, Office of the Sheriff of Coffee County, Tennessee, and Sheriff Steve Graves are hereby **DISMISSED WITH PREJUDICE.** Further, and in accordance with its discretion under 28 U.S.C. § 1367, the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law negligence claims, which are **DISMISSED WITHOUT PREJUDICE.**

The Clerk of the Court is hereby directed to close the file in this case.

SO ORDERED this 16th day of January, 2009.

_____*/s/Harry S. Mattice, Jr.*_____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE

-13-